NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRINA MORRIS,

              Plaintiff-Appellant,

  v.

AETNA LIFE INSURANCE COMPANY;
DOES, 1 through 10, inclusive,

              Defendants-Appellees.

No.   21-56169

D.C. No.
8:20-cv-00821-SB-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted November 15, 2022
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,[**]
District Judge.

    Irina Morris appeals the district court's judgment denying her claim that

Aetna Life Insurance Company (Aetna) breached its fiduciary duty under

§ 502(a)(3) of the Employment Retirement Income Security Act, 29 U.S.C.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

§§ 1001, *et seq*. (ERISA).[1]  Morris argues that the district court incorrectly concluded that *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020 (9th Cir. 2021) forecloses her fiduciary breach claim and that the court erred in its analysis of her potential remedies.

Following a bench trial, the district court's conclusions of law—such as the appropriate legal standard under ERISA—are reviewed de novo, and its findings of fact are reviewed for clear error.  *Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Haw. Pension Plan*, 891 F.3d 839, 844 (9th Cir. 2018).  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

The district court erred in concluding that *Bafford* forecloses Morris's claim for fiduciary breach.  To bring a successful claim for breach of fiduciary duty under ERISA, the plaintiff must establish "(1) the defendant was a fiduciary; [] (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages."  *Bafford*, 994 F.3d at 1026 (citing 29 U.S.C. § 1109(a)).  Moreover, "the alleged wrong must occur in connection with the performance of a fiduciary function to be cognizable as a breach of fiduciary duty."  *Id.* at 1028.  Thus, the "threshold question" in cases involving fiduciary breach is whether the fiduciary "was performing a fiduciary function[] when taking the action subject to

---

[1] Although Morris filed a motion for reconsideration of the district court's judgment, she appeals only the judgment.  In addition, she declined to appeal her claim under ERISA § 502(a)(1)(B).

complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

In *Bafford*, we held that a third-party administrator "[c]alculating a benefit within the framework of a policy set by another entity does not involve the requisite discretion or control to constitute a fiduciary function." 994 F.3d at 1028; *see also Livick v. Gillette Co.*, 524 F.3d 24, 29 (1st Cir. 2008); *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1185–86 (10th Cir. 2016). We explained that the mailed, auto-generated statements the third-party administrator sent to the *Bafford* plaintiffs were not discretionary acts comparable to other "well-established fiduciary functions," such as "issuing written plan materials like summary plan descriptions" or providing "individualized consultations with benefits counselors." *Bafford*, 994 F.3d at 1028 (quoting *In re DeRogatis*, 904 F.3d 174, 192 (2d Cir. 2018)).

Here, Aetna's actions as Morris's named fiduciary lie well within the category of "well-established fiduciary functions." *Id.* Aetna provided Morris with "individualized consultations with benefits counselors." *Id.* In contrast to *Bafford*'s use of an online mechanism to calculate benefits, *id.* at 1025, Aetna ability specialists, team leaders, and customer service representatives consulted with Morris by phone about her benefit amount numerous times; Aetna's Long Term Disability Benefit Manager sent letters Aetna knew Morris would share with lenders as proof of her benefits; and Aetna communicated with Morris's financial

3

institutions to verify her benefit amount. "[C]onveying information about the likely future of plan benefits" through benefits counselors amounts to a fiduciary act. *Varity Corp v. Howe*, 516 U.S. 489, 502 (1996); *see also Bafford*, 994 F.3d at 1027–28 (citing with approval *Sullivan-Mestecky v. Verizon Comms. Inc.*, 961 F.3d 91, 104 (2d Cir. 2020)); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1179 (9th Cir. 2004).

In addition, Aetna exercised discretion when it gathered her earnings information, and interpreted the Plan's terms to determine which benefits and deductions applied. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004) (explaining that ERISA "strongly suggests that the ultimate decisionmaker in a plan regarding an award of benefits must be a fiduciary and must be acting as a fiduciary when determining a participant's or beneficiary's claim"). And it exercised discretion when it decided—despite having knowledge that Morris had relied on the stated benefit amount to make important financial decisions—to immediately and aggressively collect the overpayment amount after nine years had passed, going as far as to entirely suspend Morris's benefits. "Any control over disposition of plan money makes the person who has the control a fiduciary." *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997) (internal quotation marks omitted). Although the terms of the Plan permit Aetna to collect any overpayment amount, Aetna was not required to recoup the overpayment at all,

4

much less in the manner it did that put Morris in dire financial straits.

Aetna argues that the "action subject to complaint," *Pegram*, 530 U.S. at 226, was the miscalculation, which is not a fiduciary function under *Bafford*. *See Bafford*, 994 F.3d at 1028 ("[E]ven if Hewitt were a functional fiduciary with respect to some of its actions, it would not have been acting as a fiduciary when performing calculations according to the Plan formula."). But this misreads *Bafford*'s holding. Even assuming Aetna's initial mathematical calculation is not discretionary, its subsequent actions—which were central to Morris's injury— were. In fact, Morris specifically called Aetna to confirm her benefit amount because she "d[idn't] want to owe [Aetna] anything if an error was made." She then communicated with Aetna for nearly a month to determine whether it had applied the correct offset amount, after which a Senior LTD Claim Analyst sent her a letter confirming the $4,113.17 figure.

Had any Aetna representative taken any step to actually verify the validity of the benefits amount it repeatedly communicated, Aetna could have avoided any overpayment, much less the catastrophic amount that resulted. Instead, Aetna repeatedly affirmed the erroneous benefit amount directly to Morris and her lenders for almost a decade, permitting Morris to take out mortgages, obtain mortgage refinancing, negotiate a divorce settlement, and pay taxes, all on the basis that she was entitled to a higher income. Much more than "a clerical

employee typ[ing] an erroneous code onto a computer screen," *IT Corp.*, 107 F.3d at 1420, the extent of Aetna's involvement in Morris's financial life distinguishes her case from the ministerial calculation error addressed in *Bafford.* Accordingly, Aetna was performing a fiduciary function in its communications with and representations to Morris.[2]

**REVERSED and REMANDED.**

---

[2] We remand for consideration of whether Aetna breached its fiduciary duty to Morris, given that Aetna performed a fiduciary function. *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020) ("In general, an appellate court does not decide issues that the trial court did not decide."). And because that issue remains unresolved, we do not reach the question whether the district court erred when it found that she was not entitled to estoppel or waiver, or when it failed to adjudicate her surcharge and reformation claims.